UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-10567-RGS

CHARLES DAVIS

v.

JAMES T. BRETT, JODI A. GERARDI, KATHERINE MUNGOVAN,
STEPHEN KENNEDY and DENNIS BUTLER

ORDER

September 10, 2021

Plaintiff Charles Davis ("Davis") initiated this pro se action on April 2, 2021, while an inmate in custody at the Old Colony Correctional Center ("OCCC"). Docket No. 1. At that time, Davis' motions for appointment of counsel and leave to proceed *in forma pauperis* were denied without prejudice. Docket No. 4. Davis subsequently filed renewed motions accompanied by an amended complaint. Docket Nos. 5 - 8.

By Memorandum and Order dated July 8, 2021, Davis was granted leave to proceed in forma pauperis and he was granted 42 days to file a second amended complaint curing the pleading deficiencies of his original and amended complaints. Docket No. 9. Davis was advised that failure to do so would result in dismissal of this action. *Id*.

On September 10, 2021, the envelope with a copy of the July 8 2021 Memorandum and Order was returned to the court as undeliverable with "released" noted on the envelope. Docket No. 11. Apparently, Davis is no longer at the address he provided the court. He failed to inform the court of his new address as required under this court's local rules. *See* District of Massachusetts Local Rule 83.5.5(h) (requiring *pro se* litigants to inform the clerk of any change of address within 14 days of the change).

The Supreme Court has recognized that district courts have inherent power to dismiss cases for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The fact that Davis has not kept the court advised of his current address suggests that he may have decided not to press his claim. The court is not required to delay disposition in this case until such time as plaintiff decides to comply with the requirement of providing his current address. Based upon the foregoing, it is hereby Ordered that this action is DISMISSED without prejudice. The clerk shall enter a separate order of dismissal.

                          SO ORDERED.

                          /s/ Richard G. Stearns
                          UNITED STATES DISTRICT JUDGE